12-1069
Zito v. N.Y.C. Office of Payroll Admin.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand thirteen.

PRESENT:
> **GUIDO CALABRESI,**
> **ROSEMARY S. POOLER,**
> **REENA RAGGI,**
> *Circuit Judges.*

_____

STEPHANIE L. ZITO,

> *Plaintiff-Appellant*,

> v.                                                                      12-1069

NEW YORK CITY OFFICE OF PAYROLL
ADMINISTRATION, NEW YORK CITY
DEPARTMENT OF EDUCATION, UNITED
FEDERATION OF TEACHERS,
COMPTROLLER OF NEW YORK CITY,
WILLIAM C. THOMPSON, JR.,

> *Defendants-Appellees.*

_____

For Appellant:          STEPHANIE L. ZITO, *pro se*, Davenport, NY.

For Appellees:          TAHIRIH SADRIEH, Assistant Corporation Counsel (Edward F. X. Hart, Assistant Corporation Counsel, Keith M. Snow, of Counsel, Alexander J. Metz, law student, Michael A. Cardozo, Corporation Counsel, *on the brief*) City of New York, New York, NY, *for the New York City Office of Payroll Administration, New York City Department of Education, Comptroller of New York City.*

                        ERIC. W. CHEN, of counsel (Richard E. Casagrande, Esq., Attorney for the United Federation of Teachers, *on the brief*) New York, NY, *for the United Federation of Teachers.*

    Appeal from a judgment of the United States District Court for the Southern District of New York (Griesa, *J.*).

    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

    Appellant Stephanie L. Zito, proceeding *pro se*, appeals from the dismissal of her complaint for lack of subject matter jurisdiction and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

    We review *de novo* a district court decision dismissing a complaint pursuant to Rule 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure. *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009), the Court should look for such allegations by reading *pro se* complaints with special solicitude and interpreting them to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted).

Here, an independent review of the record and relevant case law reveals that the district court properly dismissed Zito's complaint. We affirm for substantially the same reasons stated by the district court in its thorough and well-reasoned order. We have considered all of Zito's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk